GOWAN *vs.* SUMWALT.—*December,* 1829.

It is the common practice, where a purchaser under a decree in Chancery is kept out of possession by the former owner, for the Chancellor to interpose the authority of that court, and cause the possession to be delivered up.

But where G purchased property at a sale under a decree, and gave his notes with S as his surety for the purchase money, which S was afterwards obliged to pay, and G then executed a deed of the same property to S, which however was left with I as an escrow, to be delivered upon a condition that did not appear to have been performed, G being in possession, could not be ousted by the authority of the Court of Chancery; and even if a mortgage had been executed by him to secure S, the proceedings in Chancery should be of a different character.

APPEAL from the Court of Chancery. The proceedings which took place on the petition which was filed in this case by the appellee, *Frederick Sumwalt,* on the 12th of April, 1826, are sufficiently set forth in the opinion delivered by this court.

BLAND, Chancellor, (March term, 1827.) This matter standing ready for hearing, and the solicitors of the parties having been heard, the proceedings were read and considered. The only question is whether in point of fact *Sumwalt* was with the consent of *Gowan* to take his place, and be considered as the purchaser from the trustees. I am satisfied from the proofs that *Gowan* did agree, that *Sumwalt* should be deemed the purcha-

ser; and having thus failed to shew sufficient cause as required by the order of the 13th of April, 1826, it is therefore ordered that an injunction issue, commanding the said *Gowan* to deliver possession of the property in the proceedings mentioned, to the said *Sumwalt*, returnable forthwith. From this order the defendant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER and DORSEY, J.

*Flusser* for the appellant, cited 4 *Com. Dig.* 473, (*Am. Ed.*) 274, (note r.) *Rob. on Frauds*, 108. *Sugd.* 68. *Newl. Pr.* 339, 142, 150. *Sugd.* 40.

*Winchester* for the appellee contended, that *Gowan's* rights were not affected by the decision of the Chancellor; and that an appeal would not lie from an order to deliver possession.

BUCHANAN, Ch. J. delivered the opinion of the court.

The substance of this case as it is presented to us by the proceedings, appears to be this. A decree in Chancery being passed, and trustees appointed for the sale of a certain lot or parcel of ground in the city of *Baltimore;* the premises were sold at public sale by the trustees, and purchased by *Gowan*, the appellant, who passed his notes for the purchase money, with *Sumwalt* the appellee, and another, as his sureties. The sale was regularly reported by the trustees, and ratified and confirmed by the Chancellor; and the purchase money not being paid, suits were brought, and judgments obtained against the purchaser, *Gowan*, and his securities. *Sumwalt* discharged the judgments obtained for the purchase money, and the trustees and *Gowan* united in an instrument of writing, purporting to be a deed to *Sumwalt* for the premises, which had been before sold to *Gowan*. *Gowan* continuing in possession, *Sumwalt* preferred a petition to the Chancellor, alleging that he had been substituted as the purchaser, and that a deed for the premises had been made to him by *Gowan* and the trustees, and praying an order to compel *Gowan* to deliver up the possession. *Gowan*

in his answer positively denies that it ever was agreed or understood, that *Sumwalt* should be substituted in his stead as the purchaser, or that he ever was so substituted; and states that it was agreed between them, that *Sumwalt* should take a deed of conveyance of the premises from the trustees, and execute a bond to reconvey to him, on being reimbursed the amount of the purchase money by a stipulated time; and alleges that when the deed was executed, it was left by him in the hands of a third person to be delivered to *Sumwalt*, on his executing and delivering a bond to reconvey the property to him, on the terms before agreed upon, and not otherwise; but that *Sumwalt* afterwards by fraud and artifice obtained possession of the deed, and then refused to execute a bond of conveyance, and expressed his determination to hold the property. Upon the proof taken in the cause the Chancellor was of opinion, that *Gowan* did consent to *Sumwalt's* being substituted in his stead, as the purchaser, and passed an order for an injunction commanding him to deliver possession; from which order the case is brought by appeal before this court. It is the common practice where a purchaser under a decree in Chancery is kept out of possession by the former owner, for the Chancellor to interpose the authority of that court, and cause the possession to be delivered up. But that does not seem to us to be the character of this case. It is the case of one, who not being the purchaser himself, seeks to obtain the possession of the premises, by proceedings against him who was in fact the purchaser. How far this would be a fit case for this summary mode of proceeding, if it could be shown that *Gowan* did agree to permit *Sumwalt* to be substituted as the purchaser is not a question before us; there being nothing in the evidence in our opinion to establish that fact. The proof by *Mr. Moale* (one of the trustees) who prepared the deed is, that *Gowan* consented that the property should be conveyed by the trustees to *Sumwalt*, but insisted on being permitted to redeem it, by paying the amount of the judgments, and that *Sumwalt* agreed to allow him sixty days, and promised to reconvey him the property if he paid him the money, at the expiration of that time. That *Gowan* repeatedly said *Sumwalt*

was ungenerous; that sixty days was not enough, and that he ought to allow him a longer time.    Mr. *Harris* one of the Justices who took the acknowledgment, proves that there was some hesitation on the part of *Gowan* about signing the deed, the particulars of which he does not recollect, but that he finally signed it, with the understanding, that it was not to go out of the possession of *Mr. Israel.*    Another witness swears that *Sumwalt* told him he never wanted the property for his own use, and was willing to give the time craved by *Gowan* for the payment of the money, which he said was sixty days.    And *Mr. Israel*, the other magistrate who took the acknowledgment, proves that when the deed was presented to *Gowan* for signature, he hesitated about signing it, saying there was an understanding between himself and *Sumwalt* relative to the property which ought to be reduced to writing, and stated in the presence of *Sumwalt*, something not recollected by the witness, about a right to be reserved to him to have a reconveyance of the property, on his paying the purchase money, to which *Sumwalt* assented.    That he the witness then proposed, that the deed should be executed, and left with him, until matters were satisfactorily arranged, to which *Gowan* agreed.    That the deed was accordingly executed and left with him.    That *Sumwalt* called for it once or twice in the course of a day or two afterwards, and that he refused to deliver it to him; but finally delivered it to *Mr. Moale*, who said he would see the matter arranged between the parties.    There does not appear to us to be any thing in the whole of this testimony, tending to prove that *Gowan* ever agreed or intended that *Sumwalt* should be substituted in his room as the purchaser, or that it was so understood by *Sumwalt* himself, and all the evidence shows that the deed was not delivered by *Gowan* to *Sumwalt* as his deed, but was left with *Israel*, as an escrow, to be delivered on a condition that does not appear to have been ever performed.    It is not therefore, and cannot be taken as the deed of *Gowan*, and consequently is no evidence of any assent on the part of *Gowan* to *Sumwalt* being taken as the purchaser.    And all that can be collected from the parol evidence is, the intention of the par-

ties, that the property should be conveyed to *Sumwalt*, as a pledge only to secure the repayment of the purchase money, and not that he should be substituted, as the purchaser, which intention was never carried into effect. And if it was; if a mortgage had been regularly executed, and delivered, the proceedings in chancery on the failure, by *Gowan* to repay the amount of the purchase money, should have been of a different character.

**DECREE REVERSED.**